UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AVMI, L.L.C. AND ANNE CANNON INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | * * * * | CIVIL ACTION NO. 23-1845 |
| **Plaintiffs** | * * | |
| VERSUS | * * | SECT. "E"   MAG. 4 |
| METAIRIE TOWERS CONDOMINIUM ASSOCIATION, INC., METAIRIE TOWERS BOARD OF DIRECTORS, THROUGH ITS INDIVIDUAL MEMBERS, RON CARTER, BETTY MILES, ELLYN MEIER, CAROLYN DIAZ, JENNIFER FAGAN, MARY KAY ZAHN, & ANNE BABST, STRATEGIC CLAIMS CONSULTANTS, LLC, GNO PROPERTY MANAGEMENT, L.L.C., BURLINGTON INSURANCE COMPANY, GREENWICH INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY INSURANCE COMPANY, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, AND GHI INSURANCE COMPANY | * * * * * * * * * * * * * * * * | MORGAN/ROBY |
| **Defendants** | * | |

************************************************************************

## STRATEGIC CLAIM CONSULTANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION PETITION FOR DAMAGES

**NOW INTO COURT** comes Defendant Strategic Claim Consultants, LLC ("SCC"), through undersigned counsel, and hereby responds to the Class Action Petition for Damages filed by AVMI, L.L.C. and Anne Cannon individually and on behalf of all others similarly situated ("Plaintiffs"), as follows:

1.

The allegations contained in Paragraph I of the Petition state conclusions of law that require no response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph II of the Petition state conclusions of law that require no response. To the extent a response is required, the allegations are denied.

3.

The allegations contained in Paragraph III of the Petition state conclusions of law that require no response. To the extent a response is required, the allegations are denied. Any and all factual allegations are denied.

4.

SCC admits the allegations contained in Paragraph IV, subparagraph 7 of the Petition. The allegations contained in Paragraph IV, subparagraphs 1, 2, 3, 4, 5, 6, and 8 of the Petition are denied for lack of sufficient information to justify a belief therein. The contained in Paragraph IV, subparagraphs 9, 10 and 11 are fictitious and require no response.

5.

SCC admits that the allegations contained in Paragraph V of the Petition.

6.

The allegations contained in Paragraph VI of the Petition are denied as written.

7.

The allegations contained in Paragraph VII of the Petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph VIII of the Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph IX of the Petition are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph X of the Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph XI of the Petition are denied.

12.

The allegations contained in Paragraph XII of the Petition refer to one or more documents, which as writings are the best evidence of their contents. To the extent the allegations are in consistent with the documents, the allegations are denied.

13.

The allegations contained in Paragraph XIII of the Petition are denied, calling for strict proof.

14.

The allegations contained in Paragraph XIV of the Petition are denied, calling for strict proof.

15.

The allegations contained in Paragraph XV of the Petition are denied, calling for strict proof.

16.

The allegations contained in Paragraph XVI of the Petition are denied, calling for strict proof.

17.

The allegations contained in Paragraph XVII of the Petition are denied for lack of sufficient information to justify a belief therein. To the extent that the allegations refer to one or more documents, such writings are the best evidence of their contents and the allegations are denied to the extent the allegations are in consistent with the documents.

18.

The allegations contained in Paragraph XVIII of the Petition are denied.

19.

The allegations contained in Paragraph XIX and all of its subparts of the Petition are denied.

20.

The allegations contained in Paragraph XX of the Petition are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph XXI of the Petition refer to one or more documents, which as writings are the best evidence of their contents. To the extent the allegations are in

consistent with the documents, the allegations are denied. Otherwise, the allegations contained in Paragraph XXI of the Petition are denied.

22.

The allegations contained in Paragraph XXII of the Petition are denied.

23.

The allegations contained in Paragraph XXIII of the Petition state conclusions of law that require no response. To the extent a response is required, the allegations contained in Paragraph XXIII of the Petition are denied.

24.

The allegations contained in Paragraph XXIV of the Petition are denied.

25.

The allegations contained in Paragraph XXV of the Petition are denied.

26.

The allegations contained in Paragraph XXVI of the Petition are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph XXVII of the Petition are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph XXVIII of the Petition are fictitious and require no response.

29.

The allegations contained in Paragraph XXIX of the Petition are fictitious and require no response.

30.

The allegations contained in Paragraph XXX of the Petition are fictitious and require no response.

31.

The allegations contained in Paragraph XXXI and all of its subparts of the Petition are denied.

32.

The allegations contained in Paragraph XXXII and all of its subparts of the Petition contain conclusions of law that require no response.  To the extent a response is require, the allegations are denied.

33.

The allegations contained in the Prayer for Relief beginning "WHEREFORE", including all subparts, are denied.

34.

Any and all other allegations contained in the Petition are denied, unless specifically admitted herein.

35.

SCC avers that it is entitled to, and hereby demands, trial by jury as to all issues.

## AFFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING,** SCC, without admission of any fact or of liability, states the following defenses in the alternative with regard to the Petition:

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief can or may be granted.

### SECOND AFFIRMATIVE DEFENSE

SCC affirmatively avers that it is not liable to the Plaintiffs for indemnity or for any damages whatsoever.

### THIRD AFFIRMATIVE DEFENSE

SCC is not and has never been negligent or at fault in any way related to the damages or injuries alleged by the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

SCC did not have a contractual, fiduciary, or legal obligation to the Plaintiffs inasmuch as SCC was retained to serve as a public adjuster by the Metairie Towers Condominium Association to assist with the insurance claims arising from Hurricane Ida.

### FIFTH AFFIRMATIVE DEFENSE

SCC has no liability to the Plaintiffs because it performed no mitigation, rehabilitation, remediation, abatement, construction, repairs, or design work or services, nor was SCC required to perform any oversight or management of such work or services.

### SIXTH AFFIRMATIVE DEFENSE

SCC owed no duty to the Plaintiffs and, alternatively, to the extent any duty was owed, SCC complied with all such duties.

## SEVENTH AFFIRMATIVE DEFENSE

SCC avers that all services provided to Metairie Towers Condominium Association were done at the request and/or direction of the Association, which services were satisfactorily completed by SCC and approved by the Association.

## EIGHTH AFFIRMATIVE DEFENSE

At all times pertinent, SCC exercised ordinary care and possessed the necessary skill, efficiency, and knowledge in performing its services.

## NINTH AFFIRMATIVE DEFENSE

SCC affirmatively avers that it has no liability for deterioration, defects, failures, and/or negligent acts or omissions arising from or related to any work or services provided by others.

## TENTH AFFIRMATIVE DEFENSE

No act or omission of SCC was a proximate, contributing, and/or substantial cause of any damage alleged by the Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times pertinent, SCC complied with all applicable federal, state, and local laws, codes, regulations, and ordinances and industry practices and standards.

## TWELFTH AFFIRMATIVE DEFENSE

SCC affirmatively avers that the Plaintiffs assumed the risk that caused the alleged damages or injuries, which SCC affirmatively pleads as a complete bar to or in diminution of any recovery to which the Plaintiffs may otherwise be entitled.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged damages, if any, were caused or occasioned by intervening and/or superseding causes for which SCC is not legally responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged damages, if any, were caused or occasioned by fault, negligence, and/or statutory violations of parties or agents for which or for whom SCC had no control or right of control and was not otherwise legally responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

SCC avers that any damages sustained by the Plaintiffs are the result of their own negligence, fault, or breach of their duties under contract and/or at law and, as such, serve to bar or reduce any right of recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE

In the event that SCC is found in any way liable to the Plaintiffs, which is specifically denied, the Plaintiffs' damages should be barred, reduced, or diminished due to their failure to mitigate the alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

SCC avers that, should there be any finding of negligence, fault, legal fault, want of care or breach of duty on the part of SCC which proximately caused any of the alleged loss or damage, which is denied, SCC is liable herein only to the extent or percentage of any such finding of negligence, fault, legal fault, want of care or breach of duty as to SCC by the trier of fact herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

In the event it is determined that the Plaintiffs are entitled to recover against SCC, which is expressly denied, the Plaintiffs' recovery must be reduced by the percentage of fault attributable to any co-defendants or other persons, whether a party to this litigation, known, unknown or unidentifiable, including parties who are subject to bankruptcy protection from future litigation,

as well as any party, co-defendant, or non-party with whom the Plaintiffs have compromised their alleged claims or may compromise their alleged claims in the future.

## NINETEENTH AFFIRMATIVE DEFENSE

In the event it is proven at trial that SCC is in any way liable for any amount of damages, which is expressly denied, SCC pleads its right and entitlement to credit and/or set-off for any and all amounts recovered by the Plaintiffs, and/or any other person or entity, recoverable at any time and from any source whatsoever.

## TWENTIETH AFFIRMATIVE DEFENSE

SCC hereby adopts and incorporates herein the affirmative defenses applicable to SCC that have been asserted by other parties in this matter, to the extent SCC has not already asserted them.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' claims for relief are barred, in whole or in part, under the principles or doctrines of equitable estoppel, unclean hands, failure to use due care, waiver, notification, ratification, confirmation, consent, and/or laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with, and their claims do not meet, the requirements for class certification pursuant to either Rule 23 of the Federal Rules of Civil Procedure or articles 591 and 592 of the Louisiana Code of Civil Procedure, including, but not limited to, numerosity, common questions of law and fact, and typicality of the claims or defenses, and adequacy of the representative parties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

SCC reserves all rights to amend this Answer to plead any and all other affirmative defenses which it may discover are available to them, upon further discovery and/or investigation into the background of this lawsuit, including but not limited to: any additional acts or failure to act constituting comparative negligence and/or fault of Plaintiffs; more specific facts constituting causes and/or the fault of any third persons or parties for whom or which SCC is not responsible; and failure of Plaintiffs to mitigate damages in a reasonable and available fashion; some or all of which may bar or diminish the entirety of the demands against SCC.

**WHEREFORE** Defendant, Strategic Claim Consultants, LLC, prays that its Answer and Affirmative Defenses to the Petition, be deemed good and sufficient and that, after due proceedings are had before a jury, there be judgment herein dismissing all claims against it with prejudice at Plaintiffs' cost, and for all other relief deemed just and proper.

Respectfully submitted,

/s/ Karen M. Dicke
_____
Karen M. Dicke, T.A.  (#24781)
Kristen L. Burge (#35686)
Shiena Marie N. Burke (#38850)
Lewis Brisbois Bisgaard & Smith, LLP
400 Poydras Street, Suite 1300
New Orleans, Louisiana  70130
Tel.: (504) 322-4100
Fax: (504) 754-7569
Karen.Dicke@lewisbrisbois.com
Kristen.Burge@lewisbrisbois.com
Shiena.Burke@lewisbrisbois.com


AND

/s/ Michael D. Lane
Michael D. Lane (#30364)
Lane Law Group LLC
900 Camp Street, Suite 4C4
New Orleans, Louisiana 70130
Telephone: (504) 782-3855
Email:  mike@lanelaw.co

*Attorneys for Defendant Strategic Claim Consultants, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by U.S. Mail, facsimile, email transmission and/or by ECF filing, on June 28, 2023.

Michael D. Lane

126125551.5